IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIANE XIE, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF UTAH, a higher education institution and political subdivision of the State of Utah,<br><br>　　　　　　Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:04 CV 864 TC |

　　　　Plaintiff Diane Xie, Ph.D. filed suit against the University of Utah alleging three causes of action under Title VII of the United States Code.  On February 22, 2006, this court granted the University summary judgment, holding that Ms. Xie was not an employee of the University for Title VII purposes.  This matter is now before the court on Ms. Xie's Motion to Alter Judgment.  In her supporting memorandum, Ms. Xie identifies Tenth Circuit precedent that she feels lends credence to her previously made argument that this court should look to state law when determining whether an employment relationship under Title VII exists.  Alternatively, Ms. Xie requests that the court transfer this case to Utah state court in lieu of outright dismissal.  The court concludes that Ms. Xie's motion lacks merit and therefore DENIES the same.

　　　　A motion for rule 59(e) relief "should be granted only to correct manifest errors of law or to present newly discovered evidence."  Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (internal quotation omitted).  Ms. Xie does not identify any manifest error of law in this court's summary judgment order.  Rather, Ms. Xie indicates that

there exists some tension in Tenth Circuit case law concerning the appropriate role of state employment law when analyzing federal claims contingent on the existence of an employment relationship. But the cases cited by Ms. Xie involve § 1983 claims and do not directly implicate the question resolved by this court's previous judgment; specifically, whether Ms. Xie was a University employee for Title VII purposes.

Further, Ms. Xie presents no newly discovered evidence that would justify rule 59(e) relief. The only evidence that Ms. Xie can possibly claim is "new" is a letter indicating that Ms. Xie was required to abide by University research policies, information of which the court was already aware at the time it entered judgment. Because Ms. Xie has not identified any manifest error of law or any newly discovered evidence, her request for rule 59(e) relief must fail.

Ms. Xie's request for rule 60(b) relief also lacks merit. That rule enumerates several grounds justifying relief from a judgment or order. See Fed. R. Civ. P. 60(b). In her pleadings, Ms. Xie does not indicate which provision of rule 60(b) she feels justifies relief from judgment. Considering Ms. Xie's arguments, the court concludes that the only rule 60(b) grounds for relief that could be logically applied to Ms. Xie's motion are "mistake," or "any other reason justifying relief from the operation of the judgment."[1] See id.

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking, Co., 909 F.2d 1437, 1440 (10th Cir. 1990). Such circumstances are not present here. As discussed, Ms. Xie has not identified, or even specifically alleged that the court's judgment contains an erroneous legal

---

[1] Ms. Xie has not alleged inadvertence, surprise, or excusable neglect. Neither has she identified any newly discovered evidence that could not be located within ten days from the entry of judgment. Indeed, the motion in question was filed within ten days of the time judgment was entered. Further, Ms. Xie has raised no allegations of fraud or otherwise indicated that the judgment is void, has already been satisfied, or is otherwise moot.

conclusion. Rather, Ms. Xie indicates that "[t]he Tenth Circuit should clarify any confusion that [its] case law has created." (Mem. in Supp. of Mot. to Alter J., 7.) Ms. Xie is more than welcome to attempt to persuade the Tenth Circuit that its case law is in need of clarification. But such an argument is properly made on appeal and not in a rule 60(b)(1) motion.

Finally, Ms. Xie requests that this court transfer her case to Utah state court under 28 U.S.C. § 1631 rather than dismiss her action altogether. Ms. Xie's request is without merit. 28 U.S.C. § 1631 allows a court that discovers that it lacks jurisdiction over a case to transfer the case to another court in which jurisdiction would be proper. Ms. Xie argues that this case should be transferred to state court so that she may pursue state law claims against the University. However, 28 U.S.C. § 1631 is directed to the federal court system and does not authorize a federal court to transfer a case over which it has no subject-matter jurisdiction to a state court. See McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 428-29 (3rd Cir. 1983) ("Section 1631 does not . . . provide for the transfer of this action to state court. Both the statutory language and the legislative history show that this provision was directed to the federal court system."); Kier Bros. Invests. Inc. v. White, 943 F. Supp. 1, 4 (D. D.C. 1996) ("[T]he court may not transfer this case to a state court under § 1631 because that section only authorizes transfer to those federal courts defined in 28 U.S.C. § 610."). Accordingly, this court lacks the authority to grant Ms. Xie's transfer request.

For all the foregoing reasons, Ms. Xie's Motion to Alter Judgment is DENIED.

SO ORDERED this 22nd day of March, 2006.

> BY THE COURT:
>
> *Tena Campbell*
>
> TENA CAMPBELL
> United States District Judge